UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEEP SOUTH INVESTMENT PROPERTIES, LLC | * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE: |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | * * * | MAGISTRATE: |

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

United Property & Casualty Insurance Company ("UPC") respectfully submits this Notice of Removal. In support of this Notice of Removal, UPC states as follows:

**INTRODUCTION**

1. On August 27, 2022, Plaintiff, Deep South Investment Properties, LLC, filed its Petition for Damages ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana. *See* State Court record, attached as Exhibit A.

2. Plaintiff avers that it is a limited liability company domiciled in Iberia Parish, Louisiana. Petition Intro. As set forth further herein, Plaintiff's members are residents of Louisiana.

3. Plaintiff alleges that it is the named insured for property located at 4848 Tchoupitoulas Street, New Orleans, Louisiana 70115. Petition Intro.

4. The Petition asserts that on "August 29, 2021, Hurricane Ida made landfall near Port Fourchon" and "[a]s a result of Hurricane Ida's extreme winds, Tchoupitoulas street residence covered by Petitioner's homeowners insurance policy sustained extensive damage." Petition ¶¶ 7-8.

5. Plaintiff alleges that UPC issued a policy of insurance that provides coverage for the alleged property damage. Petition ¶¶ 3-6.

6. The Petition names UPC, a non-Louisiana citizen, as the only Defendant.

7. UPC issued dwelling policy no. ULD 5016764 02 17 to Deep South Investment Properties. *See* Policy Declarations attached as Exhibit C-1.

8. This action was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, captioned *Deep South Investment Properties, LLC v. United Property & Casualty Insurance Company*, Docket No. 2022-07917, Div. "N-8"

9. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount-in-controversy for Plaintiff's claim exceeds the sum of $75,000, exclusive of interests and costs.

10. The Civil District Court for the Parish of Orleans, State of Louisiana, is a state court within the Eastern District of Louisiana.

11. UPC has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A.

12. Plaintiff did not make a jury demand in the state court proceeding.

## REMOVAL IS TIMELY

13. This notice of removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

14. On September 29, 2022, UPC was served with Plaintiff's Petition, which alleges compensatory damages in addition to bad faith penalties and attorneys' fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

15. This removal is being filed within thirty (30) days of service of the Petition on UPC. 28 U.S.C. § 1446.

16. Plaintiff filed the Petition on August 27, 2022, so the original Notice of Removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDICTION

17. The Court has original diversity jurisdiction over Plaintiff's claims because the parties are completely diverse and because Plaintiff seeks damages in excess of $75,000, as demonstrated by Plaintiff's Petition.

### *The Parties Are Completely Diverse*

18. Plaintiff is a limited liability company organized and existing under the laws of the State of Louisiana with Costa Properties, LLC, as its sole member. Costa Properties, LLC, is a limited liability company organized and existing under the laws of the State of Louisiana with all of its members residing in the State of Louisiana.

19. UPC is a nongovernmental corporation organized and existing under the laws of the State of Florida, with its principal place of business at 800 2nd Avenue South in St. Petersburg, Florida. *See* UPC's Louisiana Department of Insurance Profile, attached as Exhibit B. Accordingly, UPC is a citizen of Florida for purposes of diversity jurisdiction.

### *The Amount in Controversy Exceeds $75,000*

20. UPC, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250,

1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

21. Here, Plaintiff seeks damages under dwelling policy number ULD 5016764 02 17 (the "Policy") with coverage limits of $312,000 for damage to dwelling, $6,240 for damage to other structures, $46,800 for damage to personal property, and $31,200 for loss of use. The hurricane deductible is $2,500. *See* Exhibit C-1 (Policy Declarations).

22. Plaintiff alleges that "[a]s a result of Hurricane Ida's extreme winds, the Tchoupitoulas Street residence covered by Petitioners'[sic] homeowners insurance policy sustained extensive damage." Petition ¶ 8. "[T]he wind damage … created openings that allowed water to enter the structure, which caused further damage to the structure and the contents[.]" Petition ¶ 9. Plaintiff further claims that "wind and wind-driven rain caused severe damage to Petitioner's covered property." Petition ¶ 18.

23. Plaintiff alleges that "UPC initially tendered $1,712.35 in damages to the Tchoupitoulas Street property." Petition ¶ 11. Plaintiff further alleges that "[o]n March 29, 2022, [its] counsel submitted an additional damage estimate totaling $140,900.52[.]" Petition ¶ 12. As such, Plaintiff claims that "UPC has breached its contractual duties under the insurance policy by failing to compensate Petitioner for the damages incurred from a covered cause of loss." Petition ¶ 17.

24. The estimate referred to in Plaintiff's Petition was prepared by Nola Investments & Construction, LLC, and values damage to dwelling at $134,865.67 and damage to other structures at $8,534.85, totaling $143,400.52. The estimate is attached as Exhibit C-2.

25. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Thus, courts have held that "detailed public adjuster estimates … delineating corroborating evidence of the damages at issue can provide a basis for removal. *Urb. Wear Am., Inc. v. Scottsdale Ins. Co.*, No. 1:20-CV-24383-UU, 2021 WL 1215877, at *2 (S.D. Fla. Jan. 12, 2021) (collecting cases).

26. Even if the prior payment alleged by Plaintiff ($1,712.35) is taken into account, there remains $141,688.17 in dispute based on Plaintiff's $143,400.52 estimate.

27. Thus, Plaintiff's estimate establishes that the amount-in-controversy exceeds $75,000.

28. Furthermore, Plaintiff's Petition demands bad faith penalties. Petition ¶¶ 19-21.

29. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins*. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co*., No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co*., No. 11-1358, 2011 WL 3204705, at *2 n.17 (E.D. La. July 27, 2011).

30. When Plaintiff's claims for bad faith penalties, damages, and fees under La. R.S. 22:1892 and La. R.S. 22:1973 are added to the $141,688.17 in disputed property damages, as they must be, the amount in controversy far exceeds $75,000.

## CONCLUSION

In sum, there exists complete diversity of citizenship between Plaintiff, on the one hand, and UPC, on the other, and the amount-in-controversy exceeds $75,000, as evidence by Plaintiff's

pre-suit estimate and demand for bad faith penalties. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. A copy of this Notice of Removal will be filed promptly with the state court clerk in accordance 28 U.S.C. § 1446(d). Accordingly, UPC respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted,

/s/      *Lindsey M. Soboul*
H. Minor Pipes, III, 24603
Alexis P. Joachim, 31290
Lindsey M. Soboul, 36680
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
ajoachim@pipesmiles.com
lsoboul@pipesmiles.com

*Attorneys for United Property & Casualty Insurance Company*